**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

FREDERICK JONES,

    Plaintiff,

v.                                CASE NO.

GENPACT SERVICES, LLC,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, FREDERICK JONES ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, GENPACT SERVICES, LLC ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the State of Florida thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Sebastian, Indian River County, Florida.

7. Plaintiff is obligated or allegedly obligated to pay a debt and, therefore, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

8. Plaintiff owes or allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

9. Defendant is a business entity with a business office located in New York, New York.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6) and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

13. Defendant contacts Plaintiff attempting to collect a debt on behalf of GE Capital Retail Bank.

14. The debt that Defendant is attempting to collect arises from transactions made on a credit card for personal, family and household purposes.

15. Defendant's collection attempts include, but are not limited to, placing telephone calls to Plaintiff.

16. Defendant calls Plaintiff on his home telephone at telephone number xxx-xxx-5258.

17. Defendant maintains multiple telephone numbers including, but not limited to, 513-878-4961, 513-878-4885, 513-878-3423, 513-878-3874, 513-878-4926, 513-878-4906 and 513-878-8437, which are displayed for Plaintiff when Defendant calls.

18. Defendant places multiple telephone calls to Plaintiff on one day's time period in its collection attempts.

19. Between July 19, 2012 and August 6, 2012 (18 days), Defendant placed 23 telephone calls to Plaintiff.

20. On or about August 17, 2012, Plaintiff first spoke with Defendant.

21. During the August 17th conversation, Plaintiff informed Defendant that he is working with a debt settlement company and instructed Defendant not to call him.

22. However, despite Plaintiff's request, Defendant continued to call Plaintiff directly.

23. Specifically, Defendant called Plaintiff on August 18, August 20, August 21 and September 21, 2012.

24. On each of Defendant's telephone calls since August 17th, Plaintiff instructed Defendant that he was working with a debt settlement company and not to continue to call him directly.

25. Defendant has continued to call Plaintiff despite his repeated requests not to because he was working with a debt settlement company.

26. Plaintiff feels harassed and abused by Defendant's constant and continuous telephone calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

27. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff; and

   b) Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

28. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

29. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

30. Any other relief that this court deems to be just and proper.

## COUNT II
## DEFENDANT VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, Fla. Stat. § 559.55 *et seq*.

31. Defendant violated the FDCPA based on the following:

   a) Defendant violated § 559.72(7) of the FCCPA by engaging in conduct, calling with excessive frequency, which can reasonably be expected to abuse

or harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

32. Statutory damages of $1000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

33. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

34. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
    Shireen Hormozdi
    Krohn & Moss, Ltd
    10474 Santa Monica Blvd., Suite 401
    Los Angeles, CA 90025
    Phone: (323) 988-2400 ext. 267
    Fax: (866) 802-0021
    Attorney for Plaintiff
    FBN: 0882461